IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| M & S GRADING, INC., ) | |
| ) | CASE NO. BK02-81632 |
| Debtor(s). ) | A05-8071 |
| DEAN HIGHTREE, KIM QUICK, TOM ) | |
| MERKSICK, CALVIN NEGUS, VIC ) | |
| LECHTENBERG, and EUGENE LEA, ) | |
| TRUSTEES; THE CONTRACTORS, ) | |
| LABORERS, TEAMSTERS & ) | |
| ENGINEERS HEALTH & WELFARE ) | |
| PLAN; and THE CONTRACTORS, ) | |
| LABORERS, TEAMSTERS & ENGINEERS ) | |
| PENSION PLAN, ) | |
| ) | |
| Plaintiffs, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| FIRST NATIONAL BANK OF OMAHA and ) | |
| JAMES KILLIPS, TRUSTEE, ) | |
| ) | |
| Defendants. ) | |

<u>ORDER</u>

This matter is before the court on the defendant First National Bank of Omaha's motion for partial summary judgment (Fil. #41) and opposition by the plaintiffs (Fil. #48). Malcolm Young represents the plaintiffs and Richard Myers represents First National Bank of Omaha. The motion was taken under advisement as submitted without oral arguments.

The motion will be granted.

The plaintiffs, who are the trustees of the multi-employer pension and welfare benefit plans in which the debtor participated as well as the plans themselves, filed this lawsuit alleging that the debtor was unable to make approximately $117,000 in contributions to the plans, as required by collective bargaining agreements assumed by the debtor-in-possession, because the proceeds of debtor's accounts receivable were delivered to First National Bank of Omaha ("FNBO") as a secured creditor. The plaintiffs request an accounting from FNBO and the trustee and, if applicable, entry of a judgment for any excessive amounts collected by FNBO which should have been paid to the plans.

FNBO holds perfected pre-petition security interests in the debtor's inventory, accounts and other rights to payment, general intangibles, equipment, and other collateral. Post-petition, an order was entered for financing and use of cash collateral which grants FNBO a super-priority claim and a security interest in all post-petition collateral with the same priority and effect as the lien securing the pre-petition loans. Eventually, the debtor ceased its business operations and liquidated its assets. Those proceeds paid down FNBO's debt and others, with some of the proceeds being escrowed pending a determination of the competing rights to the funds. The balance due to FNBO on the loans is approximately $6.7 million.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record. Widoe v. District No. 111 Otoe County Sch., 147 F.3d 726, 728 (8th Cir. 1998); Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006).

The limited issue in this motion for partial summary judgment is which party has superior rights in the accounts receivables. The plans argue that the unpaid contributions are property of the plans under ERISA and are held in trust by the debtor, therefore giving the plans a superior interest in the money. This proposition is true for certain types of contributions, particularly those withheld from employees' paychecks to be turned over to the plans. See, e.g., Bannistor v. Colotone, Inc. (In re Charter Graphic Servs., Inc.), 230 B.R. 759 (Bankr. N.D. Tex. 1998) (funds withheld from employees' pay were plan assets and are held in trust). However, there is no evidence those types of contributions are at issue here. Rather, the collective bargaining agreements and the deposition testimony of the debtor's principals indicate that the unpaid contributions here are the employer's share of those benefit payments, which the debtor paid from its operating account when it could. The collective bargaining agreements also provide that certain monies were withheld from the workers' paychecks for their portion of the contributions to the plans, but the money at issue here does not appear to be money that was or should have been withheld from the workers' checks and escrowed for payment to the plans. In other words, the evidence does not support the plans' position that the money at issue belongs to the workers and should have been held in constructive trust for them rather than treated as part of FNBO's collateral.

The plans set forth a number of arguments in opposition to the bank's summary judgment motion, including the plans' status as an administrative expense claimant and equitable subordination of the bank's claim, but none carries the plans' burden of demonstrating a genuine

factual issue as to the priority of the bank's security interest. For that reason, FNBO's motion for partial summary judgment will be granted. Because there are claims for relief yet to be decided, judgment will not be entered until the case is fully adjudicated. Fed. R. Bankr. P. 7054; Fed. R. Civ. P. 54(b).

  IT IS ORDERED: Defendant First National Bank of Omaha's motion for partial summary judgment (Fil. #41) is granted.

  DATED:  March 27, 2007

                  BY THE COURT:

                  /s/ Timothy J. Mahoney
                  Chief Judge

Notice given by the Court to:
  *Richard Myers  Malcolm Young
  Robert Lepp   David Selby
  Paul Elofson   Keith Kosaki
  U.S. Trustee   Joseph Badami

Movant (*) is responsible for giving notice to other parties if required by rule or statute.